UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROZNER,

    Plaintiff,

                                                             Case No. 4:25-cv-12376
v.                                                      Hon. F. Kay Behm

UNKNOWN PALMER, ET AL,

    Defendants.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

    Plaintiff Christopher Rozner is a Michigan prisoner presently incarcerated at the Macomb Correctional Facility. The pro se complaint names four MDOC officials stationed at the Carson City Correctional Facility as defendants. The complaint asserts that Defendants violated Plaintiff's constitutional rights by forcing him to sleep in a shower stall and by other conduct at the Carson City facility.

    The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b). If venue is improper in the

district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The events giving rise to the complaint occurred at the Carson City Correctional Facility which is located in Montcalm County.  Montcalm County is part of the Western District of Michigan.  28 U.S.C. § 102(b).  Because there is no apparent basis for venue to lie in this district, but the facts alleged in the complaint suggest that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance.  28 U.S.C. § 1406(a).

**IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that this Court has not decided whether Plaintiff is entitled to proceed in forma pauperis, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

**SO ORDERED**.

Dated: August 14, 2025                          s/F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge